FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BARBARA N. L. G.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 4:18-CV-05007-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Plaintiff protectively filed her application for Supplemental Security Income on October 17, 2013. AR 291-99. Her alleged onset date of disability is August 20, 2012. AR 29, 291. Plaintiff's application was initially denied on February 21, 2014, AR 140-43, and on reconsideration on June 12, 2014, AR 149-50.

A hearing with Administrative Law Judge ("ALJ") Mary Gallagher Dilley occurred on August 2, 2016. AR 64-87. Wherein, Plaintiff requested a disability determination during a closed period of August 20, 2012 to August 13, 2014 because she was again gainfully employed beginning August 14, 2014. AR 30, 71. On September 29, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 29-41. The Appeals Council denied Plaintiff's request for review on November 24, 2017, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on January 12, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.   Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 39 years old at the date the application was filed. AR 39, 72, 291. She has a high school education and she is unable to communicate in English. AR 39, 73. Plaintiff has past work as a home attendant. AR 17, 39, 331.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from August 20, 2012 through August 13, 2014. AR 30, 41.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the requested closed period of August 20, 2012 through August 13, 2014 (citing 20 C.F.R. § 416.971 *et seq*.). AR 32.

**At step two**, the ALJ found Plaintiff had the following severe impairments during the requested closed period: post-traumatic stress disorder, major depressive disorder, and conversion disorder (citing 20 C.F.R. § 416.920(c)). AR 32.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 33.

**At step four**, the ALJ found, that during the requested closed period, Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, except: she could occasionally climb ramps and stairs, as well as ladders, ropes, and scaffolds; she needed to avoid concentrated exposure to hazards such as mobbing machinery and heights; she was able to perform simple, routine tasks; and she could perform work with no contact with the general public. AR 34.

The ALJ found that Plaintiff was unable to perform and past relevant work. AR 39.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 39-40. These include industrial cleaner, kitchen helper, and laundry worker II. AR 40.

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; and (3) improperly assessing Plaintiff's residual functional capacity.

## VII. Discussion

### A. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 35. The ALJ provided multiple clear and convincing reasons for discounting Plaintiff's subjective complaint testimony. AR 32, 34-37.

First, the ALJ found a lack of motivation to work and inconsistencies regarding her ability to work. AR 46-47. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039; s*ee also Matney ex rel. Matney v. Sullivan*, 981

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

F.2d 1016, 1020 (9th Cir. 1992). The ALJ found that Plaintiff frequently repeated a pattern of missing medical appointments but returning for services when she needed rent, food stamps, and other assistance. AR 39. Furthermore, in the Fourth quarter of 2012 and the first quarter of 2013, Plaintiff received unemployment benefits. AR 32. As stated by the ALJ, to become eligible for unemployment benefits, in Washington State, a claimant must attest under penalty of perjury to the Washington State Employment Security Department that there was no restriction on her availability for full-time work and that she is able to work, and available to work in any trade, occupation, profession, or business for which she is reasonably fitted. RCW 50.20.010(1)(c). Receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime when the claimant has held herself out as available for full-time work. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008). Plaintiff does not dispute this reason provided by the ALJ to discount her subjective complaint credibility.

Second, the ALJ found Plaintiff's subjective complaints less credible due to her pattern of manipulation. AR 36. An ALJ may discount a claimant's allegations based on her exaggeration and inconsistent statements. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ noted that the treatment records showed Plaintiff "ramped up in behavior once [a] therapist arrived." AR 36, 763. As stated by the ALJ, Plaintiff's therapist advised her colleagues not to "enable this

histrionic behavior but to be firm and structured." AR 36, 763. This determination is further supported by the record. AR 766. Plaintiff does not dispute this reason provided by the ALJ to discount her subjective complaint credibility.

Third, the ALJ found multiple inconsistent statements that undermined Plaintiff's subjective complaint credibility. AR 34-37. An ALJ may rely on ordinary techniques of credibility evaluation such as a claimant's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. In May 2013, Plaintiff told the Cooperative Disability Investigations Unit ("CDIU") detective that she last had a seizure on December 28, 2012, she could now drive because enough time had passed since her last seizure, and that "her medication was helping a lot." AR 617. However, in March 2013, Plaintiff reported that she had recently experienced three seizures in the space of one hour. AR 580. Plaintiff testified that from August 2012 to August 2014, she was not able to complete even basic personal care tasks. AR 80. Plaintiff said she could not do any cleaning or household chores. AR 81. But in May 2013, Plaintiff told the CDIU detective that she cleaned the house because she had nothing else to do and she "loved to cook especially Cuban food." AR 617. A witness confirmed that Plaintiff "took care of the house, and cooked, and cleaned." AR 617. A second witness agreed that Plaintiff cooked and cleaned. AR 618. The record supports the ALJ's determination that Plaintiff's conditions are not as

limiting as she alleges. Again, Plaintiff does not dispute this reason provided by the ALJ to discount her subjective complaint credibility.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ properly assessed the medical opinion evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Laurie Zimmerman, MD.

Dr. Zimmerman is Plaintiff's treating doctor who completed a mental residual functional capacity assessment in November 2015. AR 712-713. Dr. Zimmerman opined that Plaintiff has marked to extreme mental health limitations in all functional categories ranging from understanding and memory to sustained concentration and persistence to social interaction and adaptation. *Id.*

The ALJ did not completely reject Dr. Zimmerman's opinion, but afforded the opinion little weight. AR 38. The ALJ provided multiple valid reasons supported by the record for discounting this opinion. *Id*. First, the ALJ noted that this opinion consists on only a two-page checkbox form. *Id*. Check-box form statements may be given less weight when they are conclusory in nature and lack substantive medical findings to support them or they are inconsistent with the underlying medical records. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). Next, the ALJ appropriately noted that Dr. Zimmerman's opinion is inconsistent with Plaintiff's actual level of ability. AR 38. This determination is supported by the record. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). As the ALJ pointed out, Plaintiff returned to work in August 2014, which directly conflicts with Dr. Zimmerman's opinion of completely disabling marked to extreme limitations in November 2015. AR 38. An ALJ may reject an opinion suggesting that the claimant is unable to work when the claimant is, in fact, working. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

Finally, the ALJ found that Dr. Zimmerman's opinion is inconsistent with her own treatment notes. AR 38. A discrepancy between a doctor's recorded

observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ noted that Dr. Zimmerman's noted that Plaintiff actually showed a substantial improvement and Dr. Zimmerman noted that Plaintiff's medication "made a large positive difference" in Plaintiff's symptoms, and she "has been very content" during the period at issue. AR 38, 709. Plaintiff does not contest this reason provided by the ALJ for discounting Dr. Zimmerman's check-box opinion.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Zimmerman's opinion.

### c. Thomas Genthe, Ph.D.

Dr. Genthe is an examining psychologist who completed a psychological evaluation report in February 2013. AR 562-70. Dr. Genthe opined that Plaintiff had severe mental impairments and needed treatment and that she had at the time

high risk for suicidal behavior and an extremely fragile emotional state, AR 569-70.

The ALJ did not completely reject Dr. Genthe's opinion but assigned partial weight to the opinion that Plaintiff had severe mental impairments and needed treatment and little weight to the narrative portion of the opinion that Plaintiff had at the time high risk for suicidal behavior and an extremely fragile emotional state. AR 37. The ALJ properly provided valid reasons supported by the record for discounting this opinion. Specifically, the ALJ found that Dr. Genthe's opinion was largely based on Plaintiff's subjective reports with no effort or attempts made to verify Plaintiff's statements. *Id*. An ALJ may discount a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Indeed, Dr. Genthe's opinion is almost entirely based on Plaintiff's subjective complaints and reports. AR 562-70. Dr. Genthe's clinical summary repeatedly referred to Plaintiff's allegations, information derived only from Plaintiff's own self-reports that the ALJ has properly found not entirely credible. AR 569. Plaintiff does not contest this reason provided by the ALJ for discounting Dr. Genthe's opinion.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. Rollins, 261 F.3d 853,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina, 674 F.3d 1104, 1111; see also Thomas, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Genthe's opinion.

### d. Jerry Gardner, PH.D., and Steven Haney, M.D.

Plaintiff briefly argues that the ALJ erred by affording more weight to the opinions of reviewing doctors, Dr. Gardner and Dr. Haney. However, opinions from non-examining medical sources amount to substantial evidence supporting an ALJ's findings when they are "not contradicted by *all other evidence* in the record." *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) (emphasis original). As noted by the ALJ, these opinions are in fact consistent with the longitudinal record and Plaintiff's improvement with treatment and her ability to eventually return to work. AR 37. Additionally, it is the ALJ's duty to explain why "significant probative evidence has been rejected," rather than explain why it was not. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). When the ALJ presents a reasonable interpretation that is supported by substantial evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court "must uphold the ALJ's

findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of the opinions of Dr. Gardner and Dr. Haney.

### C. The ALJ did not improperly assess Plaintiff's residual functional capacity.

Plaintiff briefly argues that the ALJ erred in assessing Plaintiff's residual functional capacity. Specifically, Plaintiff contends that the ALJ did not include the impairments opined to by medical doctors, whose opinions this Court has already found that the ALJ properly discounted. The Court disagrees. The ALJ specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's residual functional capacity. AR 34. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Stubbs-Danielson*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national

economy that exist in significant numbers that match Plaintiff's abilities. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity and the ALJ properly identified jobs that Plaintiff could perform despite her limitations.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 28th day of December 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 19